**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

CA 06 400 S

JOHN SOUZA,
Plaintiff

Vs. C.A. No.

TALLMAN & MACK, INC.,
Defendant

**COMPLAINT AND JURY TRIAL DEMAND**

1. The Plaintiff, John Souza is a resident of Portsmouth within the State of Rhode Island, a seaman bringing this action under the General Maritime Law and at all times hereinafter mentioned was a member of the crew of the F/V Maria Mendonsa.

2. The Defendant is a domestic corporation and at all times hereinafter mentioned owned, operated and controlled the F/V Maria Mendonsa.

3. The Plaintiff at all times hereinafter mentioned was in the employ of the Defendant.

**JURISDICTION**

4. The Court has jurisdiction over this matter pursuant to admiralty and maritime jurisdiction, 28 U.S.C. §1333 as stated in Art.3, §2,cl. 1 , federal question jurisdiction pursuant to 28 U.S.C. §1331, and Rule 9(h) of the federal rules of civil procedure.

**FIRST CAUSE OF ACTION-**
**JONES ACT 46 U.S.C APP. §688**

5. The Plaintiff repeats and reavers all allegations contained in paragraphs 1 through 4 inclusive as though fully set forth herein.

6. On or about April 21, 2004, the Plaintiff while in the performance of his duties as a seaman, was caused to sustain sever personal injuries.

7. At all times material hereto, Plaintiff was in the exercise of due care.

8. The Plaintiff's injuries were caused in whole or in part by the negligence of the Defendant, its officers, agents or employees in that they failed to use reasonable care to provide safe and sufficient machinery, appliances, appurtenances and equipment.

9. The Plaintiff's injuries were caused by the Defendant's failure to provide and maintain a safe and proper place in which to work.

10. The Plaintiff's injuries were caused by the negligence of the Defendant in other respects as may appear at trial.

11. As a direct and proximate result of the negligence of the Defendant, the Plaintiff suffered pain and mental anguish past, present and future; incurred medical expenses and will incur future medical expenses, lost earnings, lost earning capacity, future earnings, permanent injuries and lost time from his usual work, all due to his damage in a sum which satisfies the jurisdiction requirement of this Court.

**SECOND CAUSE OF ACTION**
**WARRANTY OF SEAWORTHINESS**

12. The Plaintiff repeats and reavers all allegations contained in paragraphs 1 through 11 inclusive as though fully set forth herein.

13. On or about April 21, 2004, the Plaintiff while in the performance of his duties as a seaman was caused to sustain severe personal injuries.

14. At all times material hereto, Plaintiff was in the exercise of due care.

15. The Plaintiff's injuries were caused by reason of failure of the Defendant to provide and maintain a seaworthy vessel and/or proper and suitable appliances and equipment. This cause of action herein set firth is known as unseaworthiness under the General Maritime Law.

16. As a direct and proximate result of the negligence of the Defendant, the Plaintiff suffered pain and mental anguish past, present and future; incurred medical expenses and will incur future medical expenses, lost earnings, lost earning capacity, future earnings, permanent injuries and lost time from his usual work, all due to his damage in a sum which satisfies the jurisdiction requirement of this Court.

**THIRD CAUSE OF ACTION**
**MAINTENANCE AND CURE**

17. The Plaintiff repeats and reavers all allegations contained in paragraphs 1 through 16 inclusive as though fully set forth herein.

18. The Plaintiff was injured while in the performance of his duties aboard said vessel.

19. At all times material hereto, Plaintiff was in the exercise of due care.

20. The Plaintiff under the General Maritime Law is entitled to maintenance and cure for a reasonable period of his disability.

21. As a result of the foregoing, the Plaintiff under the General Maritime Law is entitled to maintenance and cure in a sum sufficient to satisfy the jurisdictional requirement of this Court.

WHEREFORE, the Plaintiff demands judgment in an amount which exceeds the jurisdictional minimum of this Court, together with interest and costs of this action.

THE PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,
JOHN SOUZA,
By his Attorneys,

Dennis S Baluch
Veronica A. Rendina

Dennis S. Baluch, Esquire #0947
Veronica A. Rendina, Esquire #6876
Baluch, Gianfrancesco, Mathieu &
Alger
155 South Main Street, Suite 101
Providence, RI 02903
401-331-1434
401-351-9653 (fax)

Dated: September 7, 2006