**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 06-400-S**

**JOHN SOUZA,**
**Plaintiff,**

**VS.**

**TALLMAN & MACK, INC.,**
**Defendant.**

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Now comes the defendant, Tallman & Mack, Inc., in the above-entitled action, by and through their undersigned counsel, and respond to the allegation contained in Plaintiff's Complaint as follows:

1. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and, therefore, denies same.

2. The defendant admits the allegations contained in Paragraph 2.

3. The defendant admits that on April 21, 2004, plaintiff was a member of the F/V MARIA MENDONSA (O.N. 289622).

**JURISDICTION**

4. The allegations contained in Paragraph 4 are

statements of law to which no answer is required of this defendant. To the extent an answer is required, the defendant denies same.

**FIRST CAUSE OF ACTION**
**JONES ACT 46.U.S.C.APP. §688**

5. The defendant realleges and reaffirms its responses to the allegations contained in Paragraphs 1 through 4, inclusive, as though fully set forth herein.

6. The defendant admits that plaintiff was a seaman and member of the crew of the F/V MARIA MENDONSA on April 21, 2004. The defendant denies the remainder of the allegations contained in Paragraph 6.

7. The defendant denies the allegations contained in Paragraph 7.

8. The defendant denies the allegation contained in Paragraph 8.

9. The defendant denies the allegation contained in Paragraph 9.

10. The defendant denies the allegations contained in Paragraph 10.

11. The defendant denies the allegations contained in Paragraph 11.

**WHEREFORE,** the defendant prays this Honorable Court dismiss the First Cause of Action of Plaintiff’s Complaint

together with costs and reasonable attorney's fees.

**SECOND CAUSE OF ACTION**
**WARRANTY OF SEAWORTHINESS**

12. The defendant realleges and reaffirms its responses to the allegations contained in Paragraphs 1 through 11, inclusive, as though fully set forth herein.

13. The defendant admits that plaintiff was a seaman and member of the crew of the F/V MARIA MENDONSA on April 21, 2004. The defendant denies the remainder of the allegations contained in Paragraph 13.

14. The defendant denies the allegations contained in Paragraph 14.

15. The defendant denies the allegations contained in Paragraph 15.

16. The defendant denies the allegations contained in Paragraph 16.

**WHEREFORE,** the defendant prays this Honorable Court dismiss the Second Cause of Action of Plaintiff's Complaint together with costs and reasonable attorney's fees.

**THIRD CAUSE OF ACTION**
**MAINTENANCE AND CURE**

17. The defendant realleges and reaffirms its responses to the allegations contained in Paragraphs 1 through 16, inclusive, as though fully set forth herein.

18. The defendant denies the allegations contained in Paragraph 18.

19. The defendant denies the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 are statements of law to which no answer is required of this defendant. To the extent an answer is required, the defendant denies same.

21. The defendant denies the allegations contained in Paragraph 21.

**WHEREFORE,** the defendant prays this Honorable Court dismiss the Third Cause of Action of Plaintiff's together with costs and reasonable attorney's fees.

**AFFIRMATIVE DEFENSES**

Now comes the defendant and incorporates the following Affirmative Defenses into each Count of its Answer as more fully appears below.

**AND FURTHER ANSWERING, AND AS A COMPLETE AN SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to state a cause of action upon which relief can be granted under Counts II and III of Plaintiff's Complaint.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not

entitled to Maintenance because it has been fully satisfied.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff is not entitled to Cure because it has been fully satisfied.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that, if the injury occurred, which is specifically denied, the plaintiff reached maximum medical improvement for the condition which he allegedly sustained onboard the vessel and therefore is now beyond the defendant's responsibility for maintenance and cure.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained personal injuries as alleged, which is specifically denied, it was due to the action and/or omissions of individuals for whom the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff sustained injury as alleged, which is specifically denied, those injuries were the result of an Act of God for which the defendant is not legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, it was due in whole or in part to the plaintiff's own negligence and failure to exercise the degree of care, skill, and knowledge in the performance of his work reasonably to be required of a seaman of the plaintiff's experience and not due to any negligence or fault on the part of the defendant nor any person or persons for whom the defendant may be legally responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, such injury was without the fault, knowledge, or privity of the defendant; that the damages claimed herein exceed the value of the vessel, including her pending freight; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, including but not limited to, Limitation of Liability of the defendant, 46 USCA, Appx. § 183 (b).

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that the plaintiff's claim is barred by the Primary Duty Rule.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant says that plaintiff is not entitled a jury trial because he has brought this action pursuant to General Maritime Law and has claimed Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE**, the defendant prays that the above Complaint be dismissed with prejudice together with costs and reasonable attorney's fees.

Respectfully submitted,
By its attorney,

**CLINTON & MUZYKA, P.C.**

**"/s/Robert E. Collins"**
**Robert E. Collins**
**BBO NO: 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165
(617) 720-3489 Fax

Dated: October 31, 2006