**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CIVIL ACTION**
**NO. 06-400-S**

**JOHN SOUZA,**
**Plaintiff,**

**VS.**

**TALLMAN & MACK, INC.,**
**Defendant.**

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**

Now comes the defendant, Tallman & Mack, Inc., in the above-entitled actions, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and respectfully requests that this Honorable Court charge the jury with the following instructions.

JONES ACT NEGLIGENCE

Standard of Care . . . . . . . . . . . . . . . . . 1-4

Notice & Opportunity . . . . . . . . . . . . . . . 5

Accidents . . . . . . . . . . . . . . . . . . . . 6

Ordinary Risks & Hazards . . . . . . . . . . . . 7-10

Causation & Burden . . . . . . . . . . . . . . . 11-13

UNSEAWORTHINESS . . . . . . . . . . . . . . . . . 14-20

COMPARATIVE FAULT . . . . . . . . . . . . . . . . 21-32

PRIMARY DUTY RULE . . . . . . . . . . . . . . . . 33

MAINTENANCE & CURE . . . . . . . . . . . . . . . 34-38

DAMAGES . . . . . . . . . . . . . . . . . . . . . . . 39-49

By its attorneys,

**CLINTON & MUZYKA, P.C.**

"/s/Robert E. Collins"
**Robert E. Collins**
**Bar No. 2951**
One Washington Mall
Suite 1400
Boston, MA 02108
(617)723-9165

CERTIFICATE OF SERVICE

Baluch, Gianfrancesco, Mathieu
& Alger
155 South Main Street
Suite 101
Providence, RI 02903
Attn: Dennis S. Baluch, Esquire

I hereby certify that I electronically filed **Defendant's Proposed Jury Instructions** on November 1, 2007. This document is available for viewing and downloading from the Court's Electronic Case Filing System. Service on the above counsel has been effectuated by electronic means.

"/s/Robert E. Collins"
Robert E. Collins

**INSTRUCTION #1**

"The Jones Act creates a cause of action for seaman injured in the course of his employment by his employer's negligence, and the parameters of that cause of action are set by the statute."

Larue v. JOANN M.
73 F.3d 325 (11th Cir. 1996)

**INSTRUCTION #2**

"The Jones Act standard of care, applicable to both employers and seaman, is ordinary prudence under the circumstances."

Gautreaux v. Scurlock Marine, Inc.
107 F.3d 331 (5th Cir. 1997)

**INSTRUCTION #3**

The defendant's duty to maintain a safe workplace does not require all dangers to be eradicated, but it does demand the elimination of those that can reasonably be avoided in light of the normal requirements of the job.

Stevens v. Bangor & Aroostook Railroad Company
97 F.3d 594 (1st Cir. 1996)

**INSTRUCTION #4**

A vessel owner is not a guarantor of a seaman's safety.

Tate v. A/B Svenska Amerika Line
331 F.Supp. 584 (E.D. La. 1970)
Aff'd 435 F.2d 172 (5th Cir. 1970)

# INSTRUCTION #5

"It is a fundamental principle that, under the Jones Act, an employer must have notice and the opportunity to correct an unsafe condition before liability will attach."

Rutherford v. Lake Michigan Contractors, Inc.
28 Fed.Appx. 395 (6th Cir. 2002)

Perkins v. American Elec. Power Fuel Supply, Inc.
246 F.3d 593 (6th Cir. 2001)

Colburn v. Bunge Towing, Inc.
883 F.2d 372 (5th Cir. 1989)

Tran v. Captain Glyn, Inc.
909 F.Supp. 727 (D.Hawaii 1995)

# INSTRUCTION #6

"A Jones Act employer is not an insurer of a seaman's safety; the mere occurrence of injury does not establish liability."

Marvin v. Central Gulf Lines, Inc.
554 F.2d 1295 (C.A.La. 1977)

## INSTRUCTION #7

The defendant is not liable merely because the plaintiff has been injured. If the plaintiff was injured as a result of the normal hazards or risks of the industry, then he is not entitled to recover any damages from the defendant.

Rush v. Cargo Ships and Tankers
360 F.2d 766 (2nd Cir. 1966)

Massey v. William-McWilliams
414 F.2d 675 (5th Cir. 1969)

Bilger v. Maritime Overseas Corp.
304 F.Supp. 1024 (N.D. Cal. 1969)

**INSTRUCTION #8**

There are inevitable hazards in going to sea, hazards which are not occasioned by fault, that have to be borne by seaman.

Massey v. William-McWilliams
414 F.2d 675 (5th Cir. 1969)

Bilger v. Maritime Overseas Corp.
304 F. Supp. 1024 (N.D. Cal. 1969)

**INSTRUCTION #9**

It is a fact of common knowledge that, in almost every occupation aboard ship, there is some inherent and unavoidable risk, which does not arise out of fault. A seaman, when he enters upon his calling, must assume all inherent and unavoidable risks of his occupation, as all persons must; and no person may recover for injuries resulting solely from such inherent and unavoidable risks.

Mitchell v. Trawler Racer
362 U.S. 539, 550, S.Ct. 926, 933, 4 L.Ed.2 941 (1960)

**INSTRUCTION #10**

When the plaintiff joined the defendant's vessel, he accepted all of the obvious and well-known risks of his calling.

Roberts v. United Fisheries Vessels Co.
141 F.2d 288 (1st Cir. 1944)

**INSTRUCTION #11**

In an action brought pursuant to the Jones Act, the burden rests on the plaintiff to present evidence of negligence; the basis of liability rests on a showing of negligence, not the fact that an injury occurred.

Britton v. U.S.S. Great Lakes Fleet, Inc.
302 F.3d 812 (8th Cir. 2002)

**INSTRUCTION #12**

The burden is on the plaintiff to prove his negligence case by a fair preponderance of credible testimony and, if the evidence is equally divided, then the plaintiff has not sustained his burden and your verdict must be for the defendant on the cause of action for negligence.

McMillan v. Marine Sulphur
607 F.2d 1034 (2nd Cir. 1979)

**INSTRUCTION #13**

To recover damages under the Jones Act, the seaman is "required to prove by a preponderance of the evidence (1) that a dangerous condition actually existed on the ship, (2) that the defendant shipowner had notice of the dangerous condition and should have reasonably anticipated the plaintiff might be injured by it, and (3) that if the shipowner was negligent, such negligence proximately caused the plaintiff's injuries."

Diebold v. Moore McCormack Bulk Transport Lines, Inc.
805 F.2d 55, 58 (2nd Cir. 1986)

**INSTRUCTION #14**

"The owner of a vessel is not required to furnish an accident-free ship. The duty of the owner is only to furnish a vessel and appurtenances reasonably fit for their intended use and a crew that is reasonably adequate for their assigned tasks.

Bommarito v. Penrod Drilling Corp.
929 F.2s 186 (5th Cir. 1991)

**INSTRUCTION #15**

"A vessel is not called upon to have the best appliances and equipment, or the finest of crews, but only such gear that is reasonably proper and suitable for its intended use and a crew that is reasonably adequate."

Bommarito v. Penrod Drilling Corp.
929 F.2s 186 (5th Cir. 1991)

**INSTRUCTION #16**

The warranty of seaworthiness does not require that a seaman be furnished an accident-proof ship, nor does it make the shipowner an insurer of the seaman's safety.

Mitchell v. Trawler Racer, Inc.
362 U.S. 539 (1960)

**INSTRUCTION #17**

"To satisfy the warranty of seaworthiness, a shipowner is not required to furnish the best possible ship, gear, or equipment but must simply furnish a ship, gear and equipment which is reasonably fit and suitable for its intended purpose."

Morton v. Berman Enterprises, Inc.
669 F.2d 89 (2nd Cir. 1982)

**INSTRUCTION #18**

The standard under the warranty of seaworthiness is not perfection, but reasonable fitness; not a ship that will weather every conceivable storm or withstand every peril of the sea, but a vessel reasonably suitable for her intended service.

Boudin v. Lykes Brothers Steamship Co., Inc.
350 U.S. 811 (1955)

**INSTRUCTION #19**

In order to prove a claim of unseaworthiness, the plaintiff must show that the unseaworthy condition of the vessel was the proximate or direct and substantial cause of his injuries.

Brophy v. Lavigne
1987 A.M.C. 900 (1st Cir. 1986)

**INSTRUCTION #20**

Unseaworthiness is a proximate cause of injury or damage if it played a substantial part in brining about the injury or damage.

*Pattern Jury Instructions, Civil Cases*
Ninth Circuit (1993)

**INSTRUCTION #21**

“Contributory negligence has been defined as the failure to use due care for one’s own safety – that is, the care that a reasonably prudent person would have exercised under the circumstances. Every person, the plaintiff included, has a legal duty to make reasonable use of his own senses in order to avoid injury to himself, and failure to do so is contributory negligence as a matter of law. A reasonable person exercises due care with respect to his work place and working methods and may not act in disregard of his own safety.”

Koerner v. Club Mediterranee
833 F.Supp. 327 (S.D.N.Y. 1993)

**INSTRUCTION #22**

Contributory negligence has been defined as the failure to use due care for one's own safety.

Karvelis v. Constellation Lines, S.A.
806 F.2d 49 (2nd Cir. 1986)

**INSTRUCTION #23**

"A plaintiff is contributory negligent when his conduct falls below the standard to which he is required to conform for his own protection. That standard is that of a reasonable person under like circumstances. Plaintiff's negligence is 'disregard for his own safety and not necessarily such as threatens to invade any of defendant's legal rights. Contributory negligence does not involve breach of any duty owed to others but, rather a failure reasonably to safeguard one's own person or property. Failure to act as one should may constitute contributory negligence."

S.C. Loveland, Inc. v. East West Towing, Inc.
608 F.2d 160 (5th Cir. 1979)

**INSTRUCTION #24**

"Generally, it has been said that contributory negligence is the neglect of the duty imposed upon a person to exercise ordinary care for his own protection and safety which is a legally contributing cause of an injury. In determining whether an injured person has been guilty of contributory negligence the standard of conduct to which he must conform is that of a reasonably prudent person under the circumstances. If a person by his own action subjects himself unnecessarily to danger which should have been anticipated and is injured thereby he is guilty of contributory negligence. But this does not mean that the burden must be discharged by the defendant's own evidence, for he may avail himself of any evidence supplied by the plaintiff which bears on the issue, and contributory negligence may in fact be established by the plaintiff's evidence alone."

Mroz v. Dravo Corporation
429 F.2d 1156 (3rd Cir. 1970)

Wilson v. Twin Rivers Towing Co.
413 F.Supp. 154 (W.D.Pa. 1976)

**INSTRUCTION #25**

If you find that the plaintiff was contributory negligent, you will state the percentage by which his negligence contributed to his injuries.

United States vs. Reliable Transfer Co.
421 U.S. 397 (1975)

**INSTRUCTION #26**

As a crewmember, the plaintiff had a continuing duty to exercise ordinary care in selecting a safe manner of working when one was readily available. His failure to do so presents a basis for a finding of contributory negligence.

Hussein v. Isthmian Lines. Inc.
405 F.2d 946 (5th Cir. 1968)

Nicroli v. Den Norske etc.
332 F.2d 651 (2nd Cir. 1964)

**INSTRUCTION #27**

If you find that the plaintiff chose to perform tasks in a manner that placed himself in danger, then you must find that he was contributory negligent in causing his own injuries.

Wilson v. Maritime Overseas Corp.
150 F.3d 1 (1st Cir. 1998)

Burden v. Evansville Materials, Inc.
840 F.2d 343 (6th Cir. 1988)

**INSTRUCTION #28**

It cannot be said that it is ordinarily presumed or intended that a seaman aboard ship will perform his tasks or conduct himself negligently. Therefore, it is not the duty of the vessel owner to provide a ship which is safe for the negligent seaman. The vessel owner must only provide a ship reasonably safe for the seaman who exercises ordinary care.

Tarabochia v. Johnson Line, Inc,
440 P.2d 187, 1968 AMC 1167 (Wash. 1968)

**INSTRUCTION #29**

Contributory negligence is a failure on the part of the plaintiff himself to use the care and skill of a reasonable competent crewmember and seaman under the circumstances for his own safety at the time and place in question. It is the fault on the part of the plaintiff which cooperates in some degree with the negligence of another to produce the injury complained. It may consist of acts of omission or commission.

Alverez v. J. Ray McDermott and Co.
674 F.2d 1037 (5th Cir. 1982)

**INSTRUCTION #30**

The plaintiff is comparatively at fault for his injuries if his actions or failure to act played any part, even the slightest, in producing the injuries for which he seeks damages.

Norfolk Southern Railway Co. v. Sorrell
127 S.Ct. 799, 166 L.Ed.2d 638 (2007)

**INSTRUCTION #31**

If you find that the plaintiff's injuries were due in part to his own failure to act as reasonable and prudent seaman, then any finding for him will be reduced by an appropriate discount for such conditions.

Evans v. S.J. Groves and Sons Co.
315 F.2d 335 (2nd Cir. 1963)

**INSTRUCTION #32**

If you find that the plaintiff was contributory negligent that will not prevent recovery from the plaintiff. It only reduces the amount of plaintiff's recovery. In other words, if you find that the accident was due partly to the fault of the plaintiff – that his own negligence was, for example, 10% responsible for his injuries – then you will fill in that percentage as your finding on the special verdict form I will explain in a moment. I will then reduce the plaintiff's total damages by the percentage that you insert. Of course, by using the number 10% as an example, I do not mean to suggest to you any specific figure. If you find that the Plaintiff was negligent, you might find any amount from 1% to 100%.

Pattern Jury Instructions
United States District Court, District of Maine

## INSTRUCTION #33

Under the Primary Duty Rule, the plaintiff may not recover against the defendant for negligence or unseaworthiness if his injuries were caused solely by his failure to properly perform his responsibilities as deck boss and member of the crew and maintain safe conditions onboard the vessel.

Wilson v. Maritime Overseas Corp.
150 F. 3d 1, 11 (1st Cir. 1998)

**INSTRUCTION #34**

Maintenance and cure is the traditional form of compensation paid to a seaman who becomes ill or injured aboard a vessel. The duty of paying maintenance and cure falls to the owner of the vessel.

Whitman v. Miles
387 F.3d 68, 71-72 (1st Cir. 2004)

**INSTRUCTION #35**

Maintenance is the payment by a shipowner to seaman for the seaman's food or lodging expenses incurred while he is ashore as a result of illness or accident. Cure is the right to necessary medical expenses incurred during the period of recovery.

Whitman v. Miles
387 F.3d 68, 71-72 (1st Cir. 2004)

**INSTRUCTION #36**

A vessel owner's obligation to furnish maintenance and cure continues until the seaman's condition reaches maximum medical improvement. When a seaman's condition has stabilized and further progress ended short of a full recovery, the seaman is no longer entitled to maintenance and cure.

Whitman v. Miles
387 F.3d 68, 71-72 (1st Cir. 2004)

**INSTRUCTION #37**

A vessel owner is not required to satisfy costs, pursuant to its maintenance and cure obligation, for treatment that does not cure an underlying condition.

Lindgren v. Shepard S.S. Co.
108 F.2d 806, 807-08 (2d Cir. 1940)

Brown v. OMI Corporation
1994 WL 39026 (S.D.N.Y. 1994)

Desmond v. United States
217 F.2d 948, 950 (2d Cir. 1954)

*Stewart v. Waterman Steamship Corp.*
288 F.Supp. 629, 634 (E.D.La. 1968)

*Pelotto v. L&N Towing Company*
604 F.2d 396, 400 (5th Cir. 1979)

Cox v. Dravo Corporation
517 F.2d 620, 626 (3rd Cir. 1975)

Travis v. M/V RAPIDS CITIES
315 F.2d 805, 810-11 (8th Cir. 1963).

**INSTRUCTION #38**

It is a seaman's burden to produce the documentation necessary to support his claim for maintenance and cure benefits, and to attend scheduled Independent Medical Examinations.

Rowan Cos. V. Griffin
876 F.2d 26, 28 (5th Cir. 1989)

McWilliams v. Texaco, Inc.
781 F.2d 514, 519 (5th Cir. 1986)

Gregg v. Weeks Marine, Inc.
2000 WL 687719 (E.D.La.)

**INSTRUCTION #39**

In determining the amount of damages recoverable by the plaintiff, you should not assume that any damages are recoverable. Damages must be proven by plaintiff by a preponderance of the evidence. If you find that plaintiff has failed to prove by a preponderance of the evidence a particular claimed element of damages, you may not make any award of damages for that type of loss. Similarly, if you find that plaintiff has failed to prove any damages, you may find that no damages are recoverable.

DoCarmo v. F.V. Pilgrim I Corp.
612 F.2d 11 (1st Cir. 1979)

**INSTRUCTION #40**

If you find that the defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for the plaintiff's damages. Compensatory damages are not allowed as a punishment against the defendant. Such damages cannot be based on speculation, for it is only actual damages – what the law calls compensatory damages – that are recoverable.

Miles v. Apex Marine Corporation
99 U.S. 19 (1990)

**INSTRUCTION #41**

"While great power is vested in a jury, right of jury to fix amount of damages is not arbitrary or unlimited. Even though there is no specific rule by which damages for pain and suffering are to be found, they may not be determined by speculation, passion or prejudice. Damages must be reasonable."

Filkins v. McAllister Brothers, Inc.
695 F.Supp 845 (E.D.Va. 1988)

# INSTRUCTION #42

You may not base your verdict, either on liability or damages, upon sympathy for the plaintiff.

Pearsall v. Emhart Industries, Inc.
99 F.Supp. 267 (D.PA 1984)

Laaperi v. Sears Roebuck & Co., Inc.
787 F.2d 726 (1st Cir.1986)

**INSTRUCTION #43**

You may award a sum to compensate the plaintiff for any conscious pain and suffering as a result of the defendant’s actions. Even though it is obviously difficult to establish a standard of measurement for these damages, that recovery is not grounds for denying a recovery on this element of damages. You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view, but from a fair and impartial point of view, attempting to come to a conclusion that will be fair and just to all of the parties.

Pattern Jury Instructions
U.S. District Court, District of Maine

**INSTRUCTION #44**

Any verdict you might award the plaintiff is not subject to taxes under the federal or state income tax laws.

Norfolk & Western R.R. Co, v. Liepelt. Adm.
444 U.S. 490, 100 S.Ct. 755, 62 L.Ed. 2689 (1980)

Domeracki v. Humble Oil & Refining Co.
443 F.2d 1245, 1251 (3rd Cir. 1971)

**INSTRUCTION #45**

A jury may not abandon analysis for sympathy for a suffering seaman and treat as though it were a winning lottery ticket.

Scala v. Moore McCormack Lines, Inc.
985 F.2d 680 (2nd Cir. 1993)

**INSTRUCTIONS #46**

Damages must not be enlarged so as to constitute either a gift or a windfall to the plaintiff or a punishment or penalty to the defendant. The only purpose of damages is to award reasonable compensation. You must not award speculative damages, that is, damages for future losses that, although they may be possible, are wholly remote or conjectural.

Pattern Jury Instructions
United States District Court, District of Maine

**INSTRUCTION #47**

If you find that the defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for the plaintiff's damages. Compensatory damages are not allowed as a punishment against the defendant. Such damages cannot be based on speculation, for it is only actual damages – what the law calls compensatory damages – that are recoverable.

Miles v. Apex Marine Corporation
99 U.S. 19 (1990)

**INSTRUCTION #48**

While determination of present value of damages for loss of future earnings is job for jury rather than Court in Jones Act action, seaman has burden to produce evidence permitting rational reduction to present value.

Wilburn v. Maritrans GP, Inc.
139 F.3d 350 (3rd Cir. 1998)

**INSTRUCTION #49**

You may not base your award, if any, based upon passion or sympathy for the plaintiff.

Edwards v. Sears, Roebuck & Company
512 F.2d 276 (1975)